Estate of Martha Battle, Deceased, Thomas Stokes, Chemical Corn Exchange Bank and Henry Taylor, Executors v. Commissioner.
Estate of Battle v. Commissioner
Docket Nos. 74696, 74697.
United States Tax Court
T.C. Memo 1961-143; 1961 Tax Ct. Memo LEXIS 205; 20 T.C.M. (CCH) 724; T.C.M. (RIA) 61143; May 19, 1961
Myron Semmel, Esq., 666 Fifth Ave., New York, N. Y., for the petitioner. Dean P. Kimball, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $59,944.44 in estate tax (Docket No. 74696) and a deficiency of $20,436.01 in gift tax for 1944 (Docket No. 74697). The facts have been submitted by a stipulation which is adopted as the findings of fact. The decedent died on February 10, 1954, while *206 residing in New York City. The executors of the estate filed an estate tax return and also a gift tax return for 1944 with the district director of internal revenue for the Upper Manhattan District of New York. The decedent made a transfer in trust on February 25, 1914, reserving the income to herself for life, thereafter to her husband for his life if he survived her, and providing that the remainder would be distributed thereafter as she might direct by will, but if she failed to make a distribution by her will the principal of the trust was to be distributed to persons who, at the time of her death, were her next of kin as provided under the laws of New York. All transfers to this trust were made before March 4, 1931. The husband predeceased the decedent. The decedent irrevocably released her power of appointment under the trust on October 31, 1944. The Commissioner in determining the deficiency in estate tax included the value of the trust assets in the gross estate and explained, "Transfers in Trust, made after March 3, 1931, under which transferor retains income for life, are included in gross estate. Section 811(c)(1)(B) Internal Revenue Code of 1939." Section 811(c)(1) *207 provides, however, that (B) does not apply to a transfer made before March 4, 1931. The contention of the Commissioner is that the release by the decedent of her power of appointment was a transfer on October 31, 1944. A similar estate tax question was decided for the taxpayer, under the comparable provisions of section 2036(b) of the 1954 Code, in Estate of Ellie G. Canfield, 34 T.C. 978. The 1954 Code became effective August 17, 1954, so that it does not apply here, but the Canfield case is not distinguishable for that reason. The decedent there also reserved to herself the income of the trust for life and the right to appoint the remainder by will. The instrument also had a provision for the distribution of the estate if she failed to exercise her testamentary power of appointment. The Tax Court held that the value of the trust estate was not to be included in the gross estate for estate tax purposes since the transfer occurred when the trust was created prior to March 4, 1931, rather than in 1942 [1944], when the power of appointment was released. This issue is decided for the petitioner on authority of the Canfield case. The Commissioner determined the deficiency *208 in gift tax upon the theory that the release by the decedent of her testamentary power of appointment on October 31, 1944, was a taxable gift. Petitioner argues that this release of the power of testamentary appointment in 1944 is exempt from gift tax under the provisions of section 1000(e) of the 1939 Code. This same question was also decided in favor of the petitioner in the Canfield case. It was there held that there is no gift unless there was a power to revest title to the trust property in the grantor, that is, the grantor had to have the power to regain title to the property during her lifetime. It was held in the Canfield case that a testamentary power of appointment under the laws of New York did not give the decedent such a power. The power in the present case is also governed by the laws of New York and this point is decided in favor of the petitioner on authority of the Canfield case. Decisions will be entered under Rule 50.